UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ELIAS KIFLE,

              Plaintiff,

    v.

GOOGLE LLC,

              Defendant.

CIVIL ACTION NO.
1:22-cv-4204-JPB

## ORDER

This matter comes before the Court on Google LLC's Motion to Dismiss [Doc. 11]. This Court finds as follows:

## BACKGROUND

Proceeding *pro se*, Elias Kifle brings this antitrust action against Google, alleging the following facts. In 2016, Kifle launched an online video platform, Mereja TV, with the primary target audience of the Ethiopian community in the United States. [Doc. 1, p. 1]. Kifle asserts that shortly after launching Mereja TV, he learned that YouTube users were copying his videos without authorization. Id. According to Kifle, Google drove search traffic to infringing videos on YouTube, Google's wholly-owned subsidiary, instead of to his original content on Mereja TV. Id. at 1–2. This "unlawful self-preferencing practice by Google . . .

intentionally distorts search results to favor YouTube" and "prevent[s] Mereja TV and other competitors from obtaining visibility on Google." Id. at 2. Kifle believed that "creating a YouTube channel was the only way to survive in the online video platform market that is dominated by . . . YouTube," and in 2016, he thus created a Mereja TV YouTube channel that ultimately garnered over 200,000 subscribers. Id. at 2–3.

On November 11, 2020, YouTube terminated Kifle's channel without warning, leading Kifle to refocus his efforts on the Mereja TV platform. Id. at 4. He asserts that YouTube soon collaborated with Google to engage in "anti-competitive conduct[] against Mereja TV." Id. Kifle alleges that Mereja TV "lost over 95 percent of its audience to YouTube" as a result of Google's "exclusionary and self-preferencing" practices. Id. at 5. He claims that these practices prevented Mereja TV from gaining visibility, which in turn reduced the platform's paying subscribers, monthly traffic and advertising revenue. Id. at 21–22. According to the complaint, Google and YouTube's monopolistic conduct has resulted in "devastating damage to Mereja TV, the competition and consumers." Id. at 25.

Notably, this lawsuit is not Kifle's first. Also proceeding *pro se*, Kifle filed suit against YouTube in this Court on January 14, 2021. [Doc. 11-2]. In that case, Kifle brought claims for breach of the implied covenant of good faith and fair

dealing; breach of contract; promissory estoppel; false advertising in violation of the Lanham Act; copyright infringement under the Copyright Act and the Digital Millennium Copyright Act; and racial discrimination under 42 U.S.C. § 1981. [Doc. 11-2].

On March 12, 2021, this Court transferred the case to the Northern District of California. See Kifle v. YouTube LLC, No. 1:21-cv-238, 2021 WL 3924795, at *2 (N.D. Ga. Mar. 12, 2021). That court permitted Kifle multiple opportunities to amend his complaint. See Kifle v. YouTube LLC, No. 21-cv-1752, 2022 WL 1501014, at *1 (N.D. Cal. May 12, 2022). Kifle's initial complaint contained largely the same factual allegations as those in the present action; he alleged that YouTube and "its parent company Google" hold a monopoly over online video and search engines that prevent content creators from developing successful video platforms. [Doc. 11-2, p. 3]. The operative pleading—Kifle's fifth amended complaint—contained new factual allegations about Kifle's ownership of certain trademarks and brought a claim for contributory trademark infringement. See Pl.'s Fifth Am. Compl., Kifle v. YouTube LLC, No. 3:21-cv-1752, at *6–10 (N.D. Cal. Mar. 4, 2022). On May 12, 2022, the Northern District of California concluded that Kifle's allegations failed to state a claim to relief and dismissed his case with prejudice under Federal Rule of Civil Procedure 12(b)(6). Id. at *3.

Kifle subsequently filed this action on October 21, 2022, bringing claims under section 2 of the Sherman Act and sections 4 and 15 of the Clayton Act.[1] [Doc. 1].  He seeks $30,000,000 in compensatory damages and asks this Court to permanently enjoin Google and its subsidiaries from engaging in unlawful anticompetitive conduct.  On January 6, 2023, Google moved to dismiss this action.  [Doc. 11].  The motion is ripe for review.

## ANALYSIS

### A.    Legal Standard

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  In determining whether an action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  Ashcroft v. Iqbal, 556

---

[1] Kifle has an additional pending lawsuit in this Court, filed on November 1, 2021, in which he asserts copyright infringement claims against YouTube.  See Kifle v. YouTube, LLC, No. 1:21-cv-4508 (N.D. Ga. Nov. 1, 2021).

U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570).

Because Kifle is proceeding *pro se*, the Court has an obligation to "liberally construe" his pleadings.  <u>Sarhan v. Mia. Dade Coll.</u>, 800 F. App'x 769, 771 (11th Cir. 2020).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action."  <u>Thomas v. Pentagon Fed. Credit Union</u>, 393 F. App'x 635, 637 (11th Cir. 2010).  *Pro se* litigants must still follow the Federal Rules of Civil Procedure.  <u>Rodriguez v. Scott</u>, 775 F. App'x 599, 602 (11th Cir. 2019).  As such, a *pro se* plaintiff's complaint must comply with Rule 8 by making a short and plain statement of the claim showing that the plaintiff is entitled to relief.  <u>Id.</u>

Google argues that Kifle's complaint is subject to dismissal because res judicata bars his claim or, alternatively, because the complaint fails to state a claim to relief.  The Court addresses these arguments below.

**B.   Whether Res Judicata Bars Kifle's Claim**

The doctrine of res judicata prevents "the parties to an action from litigating claims that were or could have been litigated in a prior action between the same

parties." Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013). Where a party has had "a full and fair opportunity to litigate," res judicata "protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153–54 (1979).

The party asserting res judicata must prove four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." Lobo, 704 F.3d at 892. "If even one of these elements is missing, res judicata is inapplicable." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). The doctrine "may be raised by way of a Rule 12(b)(6) motion to dismiss," Vanover v. NCO Fin. Servs., 857 F.3d 833, 836 n.1 (11th Cir. 2017), and in assessing the application of res judicata, "the Court may consider documents attached to the complaint and take judicial notice of federal court records of prior proceedings," Butler v. First Fin. Inv. Fund Holdings, LLC, No. 1:20-CV-3115, 2021 WL 2518239, at *3 (N.D. Ga. Apr. 7, 2021), R. & R. adopted, 2021 WL 7707938 (N.D. Ga. June 21, 2021).

6

Google claims that the instant case is barred by res judicata, pointing to the Northern District of California's May 12, 2022 dismissal of Kifle's prior case.  The Court below reviews whether Google has established each element of this doctrine. In re Piper, 244 F.3d at 1296 ("At all times the burden is on the party asserting res judicata . . . to show that the later-filed suit is barred.").

### 1.      Court of Competent Jurisdiction

The first element asks whether the prior decision was rendered by a court of competent jurisdiction.  Here, the prior decision was issued by the United States District Court for the Northern District of California.  This court is undoubtedly one of competent jurisdiction.  See, e.g., Rivas v. Bank of N.Y. Mellon, 777 F. App'x 958, 964 (11th Cir. 2019) ("There is no question that [the prior case] was decided by a court of competent jurisdiction, the United States District Court for the Southern District of Florida.").  Google has established the first element.

### 2.      Final Judgment on the Merits

The second element for res judicata purposes is the existence of a final judgment on the merits.  The Northern District of California dismissed Kifle's case with prejudice under Rule 12(b)(6).  This dismissal constitutes a final judgment on the merits.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure

12(b)(6) is a 'judgment on the merits.'" (quoting Angel v. Bullington, 330 U.S. 183, 190 (1947))); see also Rivas, 777 F. App'x at 964 (finding this element of res judicata satisfied where "the district court dismissed the action with prejudice under Federal Rule of Civil Procedure 12(b)(6)").  Google has met the second element of res judicata.

### 3.    Same Parties

The third element requires that "the parties, or those in privy with them, are identical in both suits."  Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).  In other words, the party seeking to apply res judicata must establish "identity or privity of parties."  EEOC v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1285 (11th Cir. 2004).  "'Privity' is a flexible legal term, comprising several different types of relationships and generally applying when a person, although not a party, has his interests adequately represented by someone with the same interests who is a party."  Id. at 1286.

In this case, Kifle has sued Google, while in the prior action, he named YouTube as a defendant.  The parties agree that YouTube is Google's wholly-owned subsidiary.  See [Doc. 1, p. 6]; [Doc. 11-1, p. 15].  Kifle's complaint also contains numerous allegations that Google acts through YouTube or that the two entities collaborate in the challenged conduct.  [Doc. 1, pp. 4–5] ("In collaboration

with Google, YouTube started engaging in anti-competitive conduct[] against Mereja TV and a wholesale infringement of [Kifle's] copyrighted materials and protected marks."); id. at 24 ("Through YouTube, Google has also monopolized the video platform market by unfairly competing with Mereja TV and other video platforms.").  Google argues that YouTube's status as its subsidiary and Kifle's allegations about the collaborative nature of their conduct show that the two parties are in privity for the purposes of res judicata.

Some district courts in this circuit have held that the existence of the parent-subsidiary relationship alone establishes privity.[2]  However, the Eleventh Circuit Court of Appeals has clarified that for a parent corporation and its subsidiary to be in privity for the purpose of res judicata, they must be alter egos of one another. Hart v. Yamaha-Parts Distribs., Inc., 787 F.2d 1468, 1473 (11th Cir. 1986).  The "alter ego" theory of privity requires a showing that the parent corporation "exercises such control over the subsidiary corporation that the subsidiary is the mere alter ego" of the parent.  Coker v. Norfolk S. Corp., No. 2:18-CV-1364, 2019

---

[2] Henry v. Norcross, No. 1:16-CV-3008, 2016 WL 9558939, at *8 (N.D. Ga. Nov. 14, 2016) ("[F]or purposes of res judicata, subsidiaries are generally deemed to be in privity with their parent corporations."), R. & R. adopted, 2017 WL 3836125 (N.D. Ga. Jan. 5, 2017); Bray v. Bank of Am. Corp., No. 8:15-CV-2532-T-35, 2018 WL 4567194, at *3 (M.D. Fla. Aug. 20, 2018), ("Although Bray added BAC as a defendant in the instant litigation, there is no dispute that BAC is in privity with BANA, as BAC is a parent corporation of BANA."), aff'd, 784 F. App'x 738 (11th Cir. 2019).

WL 398704, at *5 (N.D. Ala. Jan. 31, 2019).  "[G]eneralized representations" about the relationship between two entities are not enough; the Court needs facts about, for instance, the percentage of ownership, the parent's right or ability to control the subsidiary and whether the entities operate independently or as one unit.  Hart, 787 F.2d at 1473.  The parties agree that Google owns 100% of YouTube, but the Court lacks any other factual allegations about the nature of their relationship—about, for instance, Google's right or ability to control YouTube and whether these entities operate together or independently.[3]  See, e.g., Coker, 2019 WL 398704, at *6 (on a motion to dismiss, finding that the movant did not show privity between a parent and subsidiary without evidence that the parent controlled or directed the subsidiary's litigation in the prior case); Astron Indus. Assocs., Inc. v. Chrysler Motors Corp., 405 F.2d 958, 961 (5th Cir. 1968) (finding no clear error in the district court's privity analysis where the parent company "completely controlled" the subsidiary; an officer of the parent operated the subsidiary; and the

---

[3] The Court acknowledges that Hart was decided in a different procedural posture—a motion for summary judgment, which necessarily demanded a more developed record— while this case is before the Court on a motion to dismiss.  The Court nonetheless lacks sufficient factual allegations at this stage in the proceedings about Google's and YouTube's relationship.

parent's Board of Directors authorized the prior litigation).[4]  For these reasons,

Google has not established this element of res judicata.

### 4.    Same Causes of Action

Because Google failed to show the third element of res judicata, the Court

cannot dismiss this action on that basis.  In re Piper Aircraft, 244 F.3d at 1296.

Despite this finding, the Court discusses the final factor, which asks if the cases

involve the same causes of action.  "A cause of action is the same for res judicata

purposes if it 'arises out of the same nucleus of operative fact, or is based upon the

same factual predicate, as a former action.'"  Lobo, 704 F.3d at 893 (quoting In re

Piper, 244 F.3d at 1296).  Res judicata "applies not only to the precise legal theory

presented in the prior case, but to all legal theories and claims arising out of the

same nucleus of operative fact."  Id. (quoting NAACP v. Hunt, 891 F.2d 1555,

1561 (11th Cir. 1990)).  The Eleventh Circuit has defined "the test for 'common

nucleus of operative fact'" as "'whether the same facts are involved in both cases,

so that the present claim could have been effectively litigated with the prior one.'"

In re Piper, 244 F.3d at 1301 (quoting In re Baudoin, 981 F.2d 736, 743 (5th Cir.

1993)).

_____

[4] In Bonner v. City of Prichard, the Eleventh Circuit Court of Appeals adopted as binding
precedent all decisions of the Fifth Circuit Court of Appeals decided prior to close of
business on September 30, 1981.  661 F.2d 1206, 1207 (11th Cir. 1981).

Kifle's claims in this case clearly arise from the same nucleus of facts that formed the basis of the prior suit.  In both cases, Kifle alleges that Google and YouTube engage in monopolistic practices that have damaged competition within online video platforms; that Kifle was forced to create a YouTube channel for Mereja TV that YouTube subsequently deleted; that YouTube and Google prioritized infringing content over original videos from Mereja TV; and that YouTube and Google unfairly direct web traffic away from Kifle's work and thereby stifle competition.  Accordingly, "the underlying core of facts is the same in both cases, such that the present claim could have been effectively litigated with the prior one." Solis v. Glob. Acceptance Credit Co., 601 F. App'x 767, 771 (11th Cir. 2015).

It is true that in the prior case, Kifle subsequently amended his pleading and that the operative complaint contained different factual allegations than those at issue here.[5]  The fact remains, however, that Kifle could have brought the instant

---

[5] That said, even Kifle's fifth amended complaint relies on some of the same facts alleged in this case.  In that pleading, Kifle alleges the following:

> After YouTube terminated [Kifle's] account in November 2020, he tried to focus on developing his own video website, Mereja.tv.  He is unable to do so because of YouTube's unfair competition.  YouTube . . . [is] trading on [Kifle's] good name and reputation to divert his audience to their channels.  YouTube's parent company, Google, diverts search traffic to the infringing videos . . . .

antitrust claims in his initial action.  Res judicata applies "not only as to all matters

that were litigated in the first proceeding but also as to *all issues that could have*

*been litigated*."  Interstate Pipe Maint., Inc. v. FMC Corp., 775 F.2d 1495, 1497

(11th Cir. 1985).  The Eleventh Circuit has clarified that "for res judicata purposes,

claims that 'could have been brought' are claims in existence at the time the

original complaint is filed."  Manning v. City of Auburn, 953 F.2d 1355, 1360

(11th Cir. 1992).  Ultimately, Kifle's antitrust claims could have been litigated in

the prior case.

Kifle argues that res judicata does not apply here because he did not assert

an antitrust claim against YouTube in the prior action.  Although this case raises

antitrust claims and the prior case concerned copyright infringement, the difference

in legal theory is not dispositive.  Res judicata bars a subsequent claim, even if

premised on a different legal basis, where it is relies "'upon the same factual

predicate'" as the former action.  Ragsdale., 193 F.3d at 1239 (quoting Citibank,

N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir. 1990)).  Kifle's

argument to the contrary is therefore unavailing.  Consequently, the fourth element

is satisfied.

---

Pl.'s Fifth Am. Compl., Kifle v. YouTube LLC, No. 3:21-cv-1752, at *15 (N.D. Cal.
Mar. 4, 2022).

* * *

As explained above, the first, second and fourth elements of res judicata are satisfied in this case.  However, because Google failed to establish the third factor, the doctrine is inapplicable at this stage in the proceedings.  See In re Piper, 244 F.3d at 1296.  The Court now turns to whether the complaint states a cognizable claim to relief.

## C.   Whether the Complaint States a Claim to Relief

Google asserts that even if res judicata does not bar Kifle's claims, his complaint fails to allege a violation of the Sherman Act because Kifle lacks antitrust standing.  A plaintiff bringing an antitrust claim must "do more than meet the basic 'case or controversy' requirement that would satisfy constitutional standing"; stated another way, the plaintiff must establish antitrust standing. Palmyra Park Hosp. Inc. v. Phoebe Putney Mem'l Hosp., 604 F.3d 1291, 1299 (11th Cir. 2010).  To analyze antitrust standing, the Eleventh Circuit "us[es] a two pronged test that 'involves consideration of the nexus between the antitrust violation and the plaintiff's harm and whether the harm alleged is of the type for which Congress provides a remedy.'"  Duty Free Ams., Inc. v. Estee Lauder Cos., 797 F.3d 1248, 1272 (11th Cir. 2015) (quoting Sunbeam Television Corp. v. Nielson Media Rsch., Inc., 711 F.3d 1264, 1271 (11th Cir. 2013)).  When applying

this test, the Court considers (1) whether the plaintiff suffered an antitrust injury and (2) if so, whether the plaintiff is an efficient enforcer of the antitrust laws. Sunbeam Television, 711 F.3d at 1271.  In this case, Kifle cannot establish the first element.

An antitrust injury is "'injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful.'" Palmyra Park Hosp., 604 F.3d at 1299 (quoting Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489 (1977)).  The harm "'should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation.'"  Id. (quoting Brunswick, 429 U.S. at 489).  This element of antitrust standing "ensures that the plaintiff, although motivated by private interests, is seeking to vindicate the type of injury to the public that the antitrust laws were designed to prevent."  Id.  Importantly, an antitrust plaintiff "must be one against whom anticompetitive activity is directed, and not one who has merely suffered indirect, secondary, or remote injury."  Midwestern Waffles, Inc. v. Waffle House, Inc., 734 F.2d 705, 710 (11th Cir. 1984).

Google argues that Kifle lacks antitrust standing to bring a claim in his individual capacity.  The Court agrees.  While Kifle brings this action in his personal capacity, the conduct he challenges in the complaint is directed to Mereja

TV, not to Kifle.  Similarly, the alleged harms—for instance, lost subscribers and advertising revenue—are harms suffered by Mereja TV, not Kifle.  It is true that Kifle alleges that he "owns the Mereja TV video platform."  [Doc. 1, p. 6]. However, "[n]either an officer nor an employee of a corporation has standing to bring an action in his own right for an antitrust violation causing injury to the corporation and its business."  Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co., 748 F.2d 602, 608 (11th Cir. 1984).  Kifle certainly alleges personal harms in the complaint, such as lost income.  But these injuries are the *indirect* result of the allegedly anticompetitive conduct that directly concerns Mereja TV, and indirect harms cannot establish antitrust injury.  Midwestern Waffles, 734 F.2d at 710.

Insofar as Kifle seeks to bring an antitrust claim in his personal capacity, the complaint does not establish antitrust injury.  Because the challenged conduct and the alleged harms in Kifle's complaint concern Mereja TV, not Kifle himself, Mereja TV is the party that would need to show antitrust standing.  Midwestern Waffles, 734 F.2d at 710.  It is not, however, named as a party in this suit. Because "a showing of antitrust injury is necessary" to have standing for an

antitrust claim, Kifle has not established that he has standing to bring suit.[6]

Sunbeam Television, 777 F.3d at 1271.  As a result, his complaint is due to be

dismissed.

## D.    Opportunity to Amend

Courts are generally required to afford a *pro se* plaintiff an opportunity to

amend a pleading "where a more carefully drafted complaint might state a claim."

Woodroffe v. Fla. Dep't of Fin. Servs., 774 F. App'x 553, 554 (11th Cir. 2019);

see also Watkins v. Hudson, 560 F. App'x 908, 911 (11th Cir. 2014) ("A court

must . . . afford a plaintiff an opportunity to amend his *pro se* complaint before

dismissing with prejudice unless the plaintiff expresses a desire not to amend or an

amendment would be futile.").  The Court is skeptical that the facts presented in

the complaint can state a claim to relief, particularly given the probability that a

more developed record might show that the instant case is barred by res judicata.

Nevertheless, before dismissing this case with prejudice and because Kifle has not

given any indication that he does not wish to amend his complaint, the Court will

grant Kifle leave to amend.

---

[6] In light of this conclusion, the Court does not address Google's other arguments for dismissal.

At a minimum, the amended complaint must comply with the following instructions:

1)      The amended complaint must contain a background section stating the facts relevant to all claims. The facts shall be presented in individually numbered paragraphs and presented in a logical order (which may or may not be chronological). The facts section should not contain facts that are not relevant to the claims.

2)      Kifle must allege each cause of action, clearly identified as such, under a separate count. Underneath each count, in separately numbered paragraphs, Kifle must provide the relevant facts, including dates, that he believes entitle him to relief. In other words, Kifle should allege factual support for every cause of action asserted and, more specifically, for each element of the cause of action. This factual support must include the manner in which the defendant's alleged conduct is related to each cause of action.

3)      Kifle must explicitly request the relief he seeks and must provide an explanation of why he is entitled to such relief.

Kifle is notified that the amended complaint will supersede all previous pleadings. The Court will not read the pleadings in tandem. In short, Kifle must ensure that his amendment complies with Federal Rule of Civil Procedure 8 and the directives of this Order.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss [Doc. 11] is

**GRANTED**. The complaint is **DISMISSED WITHOUT PREJUDICE**. The

Court will afford Kifle the opportunity to amend his complaint to adequately plead

a specific claim or claims within twenty-one days of the date of this Order. Kifle is

notified that the failure to submit an amended complaint within the twenty-one-day

time period will result in dismissal of the entire action with prejudice. The Clerk is

**DIRECTED** to resubmit this matter in the event that an amended complaint is not

filed.

      **SO ORDERED** this 28th day of August, 2023.

_____

**J. P. BOULEE**

United States District Judge